O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRISTIAN MARTINEZ,                     )        CASE NO. CV 12-01845 GHK (RZ)
                                        )
                    Petitioner,         )
                                        )        ORDER ACCEPTING FINDINGS AND
        vs.                             )        RECOMMENDATIONS OF UNITED
                                        )        STATES MAGISTRATE JUDGE
JAVIER CAVAZOS, WARDEN,                  )
                                        )
                    Respondent.         )
_____ )

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner has objected.

        In her objections, Petitioner concedes that, contrary to her allegations in her Petition, her trial counsel has not been disbarred. The Report correctly noted this fact. The Report also noted that Petitioner's trial counsel did not appear to have any record of discipline from the California State Bar. Petitioner, however, has provided evidence that her trial counsel was, in fact, disciplined in connection with his representation of Petitioner. Specifically, trial counsel was disciplined for (1) failing to inform Petitioner that he had filed an opening brief on Petitioner's behalf in the California Court of Appeal and failing to inform Petitioner of the outcome of that appeal; (2) failing to release promptly, upon

termination of employment, to Petitioner, all Petitioner's papers, despite the fact that Petitioner had requested those papers; and (3) failing to cooperate and participate in a disciplinary investigation into his representation of Petitioner.  Citing these instances of misconduct, Petitioner claims that she has shown that she was deprived of her constitutional right to effective assistance of counsel.

An attorney's violation of a rule of ethics or professional conduct before trial does not constitute per se ineffective assistance of counsel.  *United States v. Nickerson*, 556 F.3d 1014, 1020 (9th Cir. 2009).  In *Nickerson*, the petitioner sought to have his conviction reversed because his attorney violated Montana's no-contact rule by speaking with the petitioner's represented co-conspirator outside the presence of the co-conspirator's attorney.  The Ninth Circuit ruled that the ethical violation did not require reversal and, moreover, found that the petitioner could not show prejudice under the traditional standard for ineffective assistance of counsel.  *Id.*

Here, as in *Nickerson*, Petitioner has shown no prejudice from her counsel's ethical violations. Three of Petitioner's ineffective assistance of counsel allegations involve purported errors that counsel committed during trial – namely, that counsel failed to move to sever Petitioner's case from that of her co-defendant, that counsel failed to call available witnesses, and that counsel failed to give an opening statement on Petitioner's behalf.  None of the ethical violations that counsel committed implicate his representation of Petitioner at trial.  Consequently, those ethical violations do not impact the Court's analysis of Petitioner's challenges to counsel's performance at trial.

Moreover, Petitioner can show no prejudice from counsel's ethical violations in terms of counsel's post-trial performance.  To be sure, counsel should have kept Petitioner informed of any significant developments in Petitioner's case and he should have filed a petition for review and complied with Petitioner's request for her transcripts.  But Petitioner has cited no reason, other than sheer speculation, to believe that the outcome of any of her post-trial proceedings would have been different if counsel had lived up to his

ethical obligations.  Accordingly, she cannot establish a successful ineffective assistance of counsel claim.  *See  Strickland v. Washington*, 466 U.S. 668, 687-88, 690-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (habeas relief is unavailable based on counsel's purported error unless petitioner can show that counsel's representation fell below objective standard of reasonableness and petitioner suffered prejudice).

The Court, therefore, accepts the findings and recommendations of the magistrate judge, with the following modification, *see* 28 U.S.C. § 636(b)(1)(C), which is not material to the Court's decision:  at page 15, at lines 8-9, the sentence beginning with the word "And" and ending with the word "discipline" is stricken, as is the citation following that sentence, at page 15, lines 9-10.  This modification corrects the Report's statement that Petitioner's trial counsel had not been subject to discipline by the California State Bar.

DATED: 4/30/13

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE